# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 09CR1533WQH |
|---|---|
| Plaintiff, | CASE NO. 12CV0410WQH |
| vs. | ORDER |
| RAY WALKER, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant, Ray Walker. (ECF No. 27). Defendant moves the court to modify or vacate his sentence. Defendant states that "the government [was] using a GPS device without a proper warrant and therefor[e] all evidence seized ... is illegal" under the recent United States Supreme Court case, *United States v. Jones*, 132 S.Ct. 945 (2012). The Court finds that the issue raised in the petition is appropriate for summary disposition.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to appeal or collaterally attack his conviction and sentence in the plea agreement. The plea agreement stated in relevant part as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal his sentence only, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(ECF No. 15 at 10-11). Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.) *cert. denied*, 508 U.S. 979 (1993).

In this case, the waiver of collateral attack upon the conviction and sentence by the Defendant is clear, express and unequivocal. Defendant waived his right to collaterally attack his conviction and sentence in a § 2255 proceeding, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of the sentencing. The Government recommended a guideline range pursuant to the plea agreement at the time of sentencing of 57-

71 months. (ECF No. 21 at 1). The Court imposed a sentence of 57 months (ECF No. 26 at 2). Therefore, the Defendant waived his right to collaterally attack the conviction in the plea agreement.

Even if there was no waiver of collateral attack, Defendant has not complied with the statute of limitations for § 2255 motions. "A 1-year period of limitation shall apply to a motion under this section," running from the latest of:

1. the date on which the judgment of conviction becomes final;
2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant does not assert that his claim rests on Nos. 1, 2, or 4. Defendant asserts that the statute of limitations does not bar his motion because:

[t]he United States Supreme Court ruled on this issue one month ago and until that was done, [he] had no choice but to wait for that decision to offer this appeal.

(ECF No. 27 at 13). Although the Supreme Court decided *Jones* on January 23, 2012, Defendant does not satisfy No. 3 because the *Jones* Court did not hold that the right recognized was retroactively applicable to cases on collateral review. *Jones*, 132 S.Ct. at 945; *see Dodd v. United States*, 545 U.S. 353, 358-59 (2005) (prisoner can only take advantage of a new right if Court holds it is retroactively applicable to cases on collateral review).

Even if this Court applied *Jones* retroactively, Defendant admitted in his plea agreement that he "knowingly and intentionally drove a vehicle, from Mexico into the United States through the Calexico, California, East Port of Entry (POE)." (ECF No. 15 at 4). The Complaint states that Customs & Border Protection (CBP) officers "were conducting a pre-primary operation, when CBP Officer Jones' Human/Narcotic Detector Dog . . . alerted to [Defendant's] vehicle." (ECF No. 1 at 2). Defendant was referred to the secondary inspection

1  area, where "further inspection of the undercarriage of the vehicle revealed several packages
2  hidden within the transfer case." *Id.* The packages were later determined to be
3  methamphetamine. *Id.*

4  Defendant contends "that [he] was convicted due to the government using a GPS device
5  without a proper warrant." (ECF No. 27 at 5). However, the record shows that Customs &
6  Border Protection officers were first alerted to the possibility of narcotics by a narcotic detector
7  dog.

8  IT IS HEREBY ORDERED that the Motion to vacate, set aside, or correct sentence
9  by a person in federal custody under 28 U.S.C. § 2255 (ECF No. 27) filed by Defendant is
10 denied.

DATED: February 29, 2012

**WILLIAM Q. HAYES**
United States District Judge